The Honorable Larry Cook Prosecuting Attorney Seventeenth West Judicial District P.O. Box 423 Lonoke, AR 72086
Dear Mr. Cook:
 This is in response to Deputy Prosecuting Attorney Phillip T. Whiteaker's request for an opinion regarding the posting of cost bonds. It is indicated that the local municipal court requires all individuals seeking a warrant of arrest for a violation of the Arkansas Hot Check Law (codified at A.C.A. §§ 5-37-301—307 (1987 Cum. Supp. 1991 Adv. Code Svc. 1992-93)) to post a bond for costs. Mr. Whiteaker states that "such a procedure can be quite cumbersome for merchants who are seeking to file a number of `hot check' warrants." The question presented is as follows:
 Can a municipal court require a posting of bond prior to the issuance of a warrant?
I will assume that the focus of your inquiry is limited to bonds for warrants for violations of the hot check law.
It is my opinion that the answer to your question is "yes," in some instances. The municipal court generally has the authority to require a complaining witness to post a cost bond for misdemeanor violations of the hot check law; that is, where a single "hot" check is written that is valued at $200 or less.
With regard to this issue, reference should be made initially to Op. Att'y Gen. 92-228, a copy of which is attached, which addressed an issue similar to that posed in your question. That opinion concluded that, pursuant to A.C.A. § 16-96-302 (1987), inferior courts may require a complaining witness to post a cost bond. It also noted, however, that § 16-96-302 has been interpreted such that cost bonds will not be required in the following instances: 1) upon a finding of maltreatment suffered by an affiant; 2) when the complaining witness is a law enforcement officer who is performing his official duties; or 3) when the city attorney files an information prior to trial officially charging the offender with violation of the same law as alleged by the complainant.
Section 16-96-302 states that:
 (a) In all prosecutions in cases less than felony
in courts of justice of the peace and in other inferior courts, the prosecutor, or some person for him, shall enter into bond with good and sufficient security for the payment of all costs which may accrue in the prosecution.
 (b)(1) It shall be lawful, however, for the justice or other officer, when he has strong reason to believe that the person applying for a warrant has been, in plain violation of the criminal laws of this state, maltreated, either in person or property, to permit the person to prosecute without giving the bond required in subsection (a) of this section.
 (2) The person so applying for a warrant, besides making the affidavit by law, shall also make affidavit that he is unable to give security for the costs which may accrue in the prosecution. [Emphasis added.]
The penalties for a violation of the Arkansas Hot Check Law are set out at A.C.A. § 5-37-305, and vary with the number and amount of the check(s) written.
Section 5-37-305(a) states that:
 (a) Upon a determination of guilt, in the event that the order, draft, or check is two hundred dollars ($200) or less, the penalties shall be as follows:
 (1) First Offense. A fine of not less than fifty dollars ($50.00) nor more than five hundred dollars ($500) or imprisonment in the county jail or regional detention facility not to exceed thirty (30) days, or both;
 (2) Second Offense. A fine of not less than one hundred dollars ($100) nor more than one thousand dollars ($1,000) or imprisonment in the county jail or regional detention facility not to exceed ninety (90) days, or both;
 (3) Third and Subsequent Offense. A fine of not less than two hundred dollars ($200) nor more than two thousand dollars ($2,000) or imprisonment in the county jail or regional detention facility not to exceed one (1) year, or both. . . .
These penalties are indicative of those generally imposed for misdemeanor offenses. See generally A.C.A. §§ 5-4-201 and -401 (1987).
Section 5-37-305 also indicates, however, that certain violations of the hot check law may be considered felonies. Subsection (b) states that:
 (b)(1) Making, uttering, or delivering one (1) or more instruments drawn on insufficient funds or drawn on nonexistent accounts is a Class B felony if:
 (A) The amount of any one (1) instrument is two thousand five hundred dollars ($2,500) or more; or
 (B) More than one (1) instrument has been drawn within a ninety-day period, and each instrument is in an amount less than two thousand five hundred dollars ($2,500), and the total amount of all such instruments is two thousand five hundred dollars ($2,500) or more.
 (2) Making, uttering, or delivering one (1) or more instruments drawn on insufficient funds or drawn on nonexistent accounts is a Class C felony if:
 (A) The amount of any one (1) instrument is less than two thousand five hundred dollars ($2,500) but more than two hundred dollars ($200); or
 (B) More than one (1) instrument has been drawn within a ninety-day period, and each instrument is in an amount less than two hundred dollars ($200), and the total amount of all such instruments is less than two thousand five hundred dollars ($2,500) but more than two hundred dollars ($200).
 (3) Under subdivisions (b)(1)(B) and (b)(2)(B) of this section, each instrument may be added together in a single prosecution.
Accordingly, if a single "hot" check is written and is valued at $200 or less, the offense is considered a misdemeanor. If the cumulative total of "hot" checks written in a ninety-day period is valued at more than $200, the offense is a felony.
As set out above, section 16-96-302 allows the municipal court to require a complaining witness to post a cost bond for the prosecution of certain misdemeanor offenses (see discussion,supra). Accordingly, it is my opinion that, assuming none of the above noted exceptions to this general rule is applicable, the municipal court may require a complaining witness to post a cost bond for the prosecution of a violation of the hot check law where the offense involves a single "hot" check written that is valued at $200 or less, making the violation a misdemeanor offense.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Sherry L. Daves.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
Enclosure